CITY OF COLUMBUS, APPELLANT, *v.*
MORETTI'S POULTRY, APPELLEE.

(Nos. 87AP-1035, 87AP-1036 and
87AP-1037 — Decided
May 10, 1988.)

*Ronald J. O'Brien,* city attorney,
*James J. Fais,* city prosecutor, *David E. Tingley* and *Maria O. Juskiw,* for appellant.

*Edward W. Erfurt III,* for appellee.

WHITESIDE, P.J. Plaintiff, city of Columbus, has appealed from judgments of the Franklin County Municipal Court dismissing the criminal complaint filed against "Moretti's Poultry, a Corporation" for want of a proper defendant. The city raises a single assignment of error as follows:

"The trial court erred in dismissing the complaint filed against appellee as the defendant was sufficiently identified as 'Moretti Poultry c/o Alex Moretti.' "

In dismissing the complaint, the trial court stated in open court:

"It has been brought to the attention of the court that the name of the defendant herein is Moretti's Poultry and that there is no such entity within the city of Columbus. And the proper name of the defendant, as was intended to be charged by the city, was Moretti's Poultry, Inc., a corporation per corporate records in the possession of the prosecutor's office."

After argument by counsel, including a suggestion by the prosecution that the complaint should be amended to add "Inc.," the court stated the following:

"The court notes that the intended defendant is actually a corporation. Ohio law, I believe, does not allow substitution of parties in this particular criminal law area, even though there may not be actually a misleading of the real human beings involved in this particular matter.

"In order for the corporation to properly be charged, the prosecution must properly cite the defendant and commence process in the proper manner against the correctly named defendant, which is Moretti's Poultry, Inc.

Since there is no real defendant in interest at the present time, the case will be dismissed without prejudice, of course, as to the city's refiling against the correct defendant."

For some unexplained reason, the city, rather than refiling the complaint with the proper defendant as suggested by the trial court, chose to appeal to this court. The city relies upon R.C. 2941.03(C) and 2941.09 as well as *Lasure* v. *State* (1869), 19 Ohio St. 43. None of these supports the city's position. In *Lasure,* there was no question as to the identity of the defendant, although he was indicted under the name "Henry Lasure," rather than his correct name of "William H. Lasure," with presumably the middle name being Henry. In other words, there was no question as to the identity of the defendant, and the trial court, within the exercise of its discretion, allowed an amendment to correct the name of the defendant.

Here, there is confusion as to the intended defendant, there apparently being a corporation, Moretti's Poultry, Inc., as well as a proprietorship of Alex Moretti, d.b.a. Moretti's Poultry. The summons was directed toward "Moretti Poultry, c/o Alex A. Moretti."

R.C. 2941.09, relied upon by the city, states in pertinent part that:

"* * * It is sufficient for the purpose of identifying a corporation to state the corporate name of such corporation, or any name or designation by which such corporation has been or is known."

Although the city in its brief herein asserts that "appellee has been, and is, known by a number of names, one of which is 'Moretti's Poultry,' " there is nothing whatsoever in the record to support this contention. Rather, what little there is in the record suggests that the use of the name "Moretti's Poultry" without more creates nothing but confusion as to the entity intended. The complaints read essentially the same in all three of these consolidated cases, and the issue is the same.

The city also relies upon R.C. 2941.03(C), which reads in pertinent part:

"An indictment or information is sufficient if it can be understood therefrom:

"* * *

"(C) That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is unknown to the jury or prosecuting attorney, but no name shall be stated in addition to one necessary to identify the accused[.]"

Rather than supporting the city's position, this statutory provision sustains the decision of the trial court. The trial court found that the complaints herein are such that it cannot "be understood therefrom * * * that the defendant is named." We find no error or abuse of discretion on the part of the trial court in so finding under the circumstances herein.

Furthermore, since the dismissal was without prejudice, and the city was specifically permitted to refile using the proper name, no prejudice has been demonstrated, even if the trial court's determination was technically in error, which it is not. Under the circumstances involved and the state of the record herein, this court is unable to find that there was reasonable cause for the appeal, but awards no damages or attorney fees since none have been sought. See R.C. 2505.35.

For the foregoing reasons, the assignment of error is overruled, and the judgments of the Franklin County Municipal Court are affirmed.

*Judgments affirmed.*

REILLY and BOWMAN, JJ., concur.