OPINION
Defendant-appellant, Jay Cheplowitz, appeals from a judgment of the Franklin County Municipal Court finding him guilty of failing to properly secure a vacant building in violation of Columbus City Code ("C.C.") Section 4513.055. For the reasons that follow, we affirm.
On October 3, 1997, responding to an anonymous complaint, code enforcement officer John Cross inspected the property at 1291-1295 Parsons Avenue. Prior to his inspection, Cross ascertained that the property was owned by an Ohio general partnership, CBS, of which appellant was a partner. The property was the site of the former Aegean Restaurant and the Paris Theater. The premises had stood vacant for many years prior to the partnership's purchase.
As a result of his inspection, Cross wrote two orders to "CBB [sic]," a zoning order and a housing order. The zoning order was written to address the dilapidated marquee, and the housing order was written to address improper securance of the structure itself. The zoning order was subsequently dismissed and is not a subject of this appeal.
Appellant was personally served with the orders on October 21, 1997, and was given until November 21, 1997 to secure the windows. Appellant obtained extensions of time until December 15, 1997 to comply with the requirements for securing the building. On December 17, 1997, Cross returned to the property and took photographs which were admitted into evidence at trial. The photographs show that the windows had not been secured in accordance with C.C. 4513.055. On December 29, 1997, the city filed charges against appellant for violating the housing code.
A jury trial began on August 10, 1998. Before the venire was brought into the courtroom, appellant made the following motion:
 [Appellant's Counsel]: Your Honor, if I may. If I could just briefly state an objection for the record, I believe the complaint should be dismissed on the grounds the statute naming persons that could be charged under this statute as applied and as written is unconstitutional and violates my client's due process rights. It allows for the City to be selective in its enforcement. In this particular case, Mr. Cheplowitz is one of several defendants that owns the property and I do not think is a proper defendant in this case.
 [Assistant City Prosecutor]: Thank you, Your Honor. I do not consider it selective. I consider it flexible. I assure Mr. Connors the next time there is a violation, we'll charge all three.
Thank you.
 The Court: The Columbus City Code is what we refer to, and I believe we're probably working off the definition of owner or otherwise called person in control.
 [Appellant's Counsel]: That is correct, Your Honor. (Tr. 5-6.)
The trial court denied the motion and the trial proceeded. Appellant testified in his own defense. On cross-examination, appellant admitted that on December 17, 1997, the windows were not secured in accordance with the city housing code. (Tr. 79.) The jury returned a verdict of guilty, and prior to sentencing, appellant filed a "Renewed Motion to Dismiss" on the grounds that the city's order was issued to the partnership and not appellant personally, and that appellant was not given notice that he could be prosecuted as an individual for failing to comply with the housing code. The motion was denied, and appellant was sentenced to twenty days of jail time, suspended, three years probation, and a fine.
On appeal, appellant asserts the following three assignments of error:
 1. The trial court erred when it denied Mr. Cheplowitz's motion, on due process grounds, to dismiss the City's complaint, since the City failed to give Mr. Cheplowitz notice that an organization's failure to comply with the City Housing Code would subject him to criminal liability in his individual capacity.
 2. The trial court erred when it overruled Mr. Cheplowitz's motion for a judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure at the close of the City's case.
 3. The trial court erred when it excluded evidence of Mr. Cheplowitz's conversations with representatives of the City Housing Department concerning efforts directed at compliance with the City Housing Code.
In his first assignment of error, appellant argues his due process rights were violated when the city provided notice of the violation to the partnership, but brought a criminal action against him as an individual without providing notice that he could be held criminally liable for the partnership's failure to comply with the order. The state responds that appellant waived any alleged defects in the institution of the prosecution by failing to raise the issue before trial as mandated by Crim.R. 12(B)(1). We agree.
Crim.R. 12(B) governs the filing of pre-trial motions based on alleged defects in the institution of a prosecution:
 Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 (1) Defenses and objections based on defects in the institution of the prosecution;
 (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceedings);
 (3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.
(4) Requests for discovery under Crim. R. 16;
 (5) Requests for severance of charges or defendants under Crim. R. 14.
Crim.R. 12(G) provides that a failure by the defendant to raise such a defense prior to trial constitutes a waiver of the defense.
Here, appellant moved to dismiss prior to trial on the grounds that the statute was an unconstitutional deprivation of his due process rights in that it allowed for selective prosecution. Selective prosecution is not the same grounds as a failure to provide notice. The motion made no mention of any alleged defects in the notice given appellant.
Although styled as a "renewed" motion to dismiss, appellant's post-trial motion actually asserted different grounds for dismissing the case, and was therefore insufficient to preserve the issue for appeal. Accordingly, we hold that appellant waived any defense based on an alleged failure to properly place him on notice of the housing violation.
Even if the issue were properly before this court, appellant, as a partner in CBS, was an owner of the property and was provided with actual notice of the alleged violation. Appellant accepted personal service of the notice of violations, and negotiated with the city concerning the necessary repairs. Under the penalty provision of the code "whoever" violates any provision of the Housing Code is guilty of a misdemeanor of the third degree, and receipt of notice under C.C. 4509.02 is not a prerequisite for prosecution provided a diligent effort was made under its provisions. C.C. 4509.99.
The city code defines an owner as "*** any person who has a freehold or lesser estate in the premises; a mortgagee or vendee in possession; or any person who has charge, care or control of the premises as agent, executor, administrator, assignee, receiver, trustee, guardian or lessee." C.C. 4501.24. A partner is co-owner with his or her partners of specific partnership property, holding as a tenant in partnership, and has an equal right with the other partners to possess the specific partnership property for partnership purposes. R.C. 1775.24(A) and 1775.24(B)(1). Thus, even though CBS partnership was the owner of record of the premises, appellant was also an owner as a person who has charge, care, or control of the premises.
Appellant's reliance on Columbus v. Moretti's Poultry
(1988), 48 Ohio App.3d 79, is misplaced. In Moretti's Poultry, the issue was whether a complaint naming an entity that did not exist, "Moretti's Poultry" instead of "Moretti's Poultry, Inc.," was fatally defective. This court held that in order for a corporation to be properly charged, the prosecution must properly cite the defendant and commence process in the proper manner against the correctly named defendant. Here, appellant was properly charged in a complaint naming appellant personally. The first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues the evidence was insufficient to sustain his conviction. Given that appellant admitted his failure to secure the windows of the building in the manner set forth in the housing code, the assignment of error is not well-taken and is overruled.
In his third assignment of error, appellant argues the trial court erred in excluding evidence of conversations with a city housing inspector in which the inspector allegedly told appellant he was in compliance with the housing code. A trial court has broad discretion in the admission or exclusion of evidence, and its judgment will not be reversed absent a clear showing of abuse of discretion with attendant material prejudice.State v. Hymore (1967), 9 Ohio St.2d 122, certiorari denied,390 U.S. 1024, 88 S.Ct. 1409.
Here, the trial court excluded the evidence as irrelevant to the issue of whether appellant was in compliance with the housing code on December 17, 1997. Given appellant's admission from the witness stand that he was not in compliance with the housing code, appellant has failed to show any prejudice from the exclusion of the evidence. The third assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Municipal court is affirmed.
Judgment affirmed.
DESHLER and TYACK, JJ., concur.