STARKS, Appellant,

v.

CHOICE HOTELS INTERNATIONAL et al., Appellees.

[Cite as *Starks v. Choice Hotels Internatl.*, 175 Ohio App.3d 510, 2007-Ohio-1019.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060326.

Decided March 9, 2007.

Thomas H. Starks, pro se.

Santen & Hughes and Fanon A. Rucker, for appellee Econo Lodge.

Gonzales, Saggio & Harlan, L.L.P., John J. Williams, and Elizabeth Conkin, for appellee Choice Hotels International.

MARK P. PAINTER, Presiding Judge.

{¶ 1} Fortunately, this court has few frivolous cases. But we know one when we see one.

{¶ 2} Plaintiff-appellant Thomas Starks appeals from the trial court's judgment dismissing his complaint against defendants-appellees Choice Hotels International and Econo Lodge. We affirm.

## I. Wrong Stop

{¶ 3} In May 2004, Starks was traveling through Kingston Springs, Tennessee. At 4:40 A.M., he decided to stop and rest. The Econo Lodge in Kingston Springs had a vacancy, though the owners now surely regret that circumstance.

{¶ 4} Starks stopped, checked into a $46 room, went to eat, took a shower, read the paper, and went to bed at about 7:30 A.M. But a phone call interrupted his slumber—he had missed the 11:00 A.M. checkout time. After unsuccessfully arguing with the motel manager that it was unfair to charge a full day's rent for less than a day's occupancy, Starks paid and left. This lawsuit followed, though we might ask how, why, and why here—as this county had nothing to do with these events, other than being Starks's residence.

{¶ 5} Starks sued Econo Lodge and Choice, seeking the return of his $46, damages of $750,000, free lodging for life (at the Econo Lodge!), and a class-action-type payment to all others similarly situated.

{¶ 6} But Starks proceeded to sue the wrong people, in the wrong place, for a wrong wrong: (1) it wasn't a wrong, (2) Hamilton County, Ohio, was not the right place, and (3) and even if there were a wrong, it wasn't committed by these defendants.

{¶ 7} The trial court dismissed Starks's complaint on three grounds, any one of which would have been sufficient: lack of personal jurisdiction, improper venue, and failure to state a claim on which relief could be granted. These are questions of law and subject to our review.[1]

## II. Wrong People

{¶ 8} Wayne and Katherine Collins run the Econo Lodge in Kingston Springs, under a franchise agreement with Choice. Though we assume Choice owns the trademark for the Econo Lodge, that is not clear from the record. Choice and Econo Lodge answered separately. Both asserted that they were not responsible for the franchisee's acts. The franchisee, the operator of the business, was not made a party to this suit.

{¶ 9} We first address Choice's franchisor liability. Generally, a franchisor is not liable for the acts of its franchisee unless an agency relationship exists.[2] The requisite relationship could have been established in this case if Choice had a vested right to control Econo Lodge's actions.[3] But under the franchise agree-

---

1. See *Interior Servs. v. Iverson,* 1st Dist. No. 020501, 2003-Ohio-1187, 2003 WL 1093982.

2. See *Taylor v. Checkrite* (S.D.Ohio 1986), 627 F.Supp. 415, 416.

3. Id.

ment, Choice had no right to control Econo Lodge, and the facts failed to show that Choice had ever attempted to exercise any control over Econo Lodge. Likewise, Choice's affidavit averred that it did not own, operate, maintain, manage, possess, or control Econo Lodge, that no agency relationship existed between Choice and its franchisees, that neither Choice nor its franchisees had the authority to bind the other, and that Choice did not direct the manner or methods of the franchisee's daily operations. And Starks failed to contradict this affidavit, or even to allege control in his complaint. Thus Choice was not a proper party.

{¶ 10} Moreover, the trial court had no personal jurisdiction over Econo Lodge. For an Ohio court to have personal jurisdiction over a foreign corporation, the exercise of jurisdiction must be authorized under Ohio's long-arm statute,[4] and due process must be satisfied. When a court decides that jurisdiction is improper under Ohio's long-arm statute, it need not address whether due-process requirements have been met. Ohio's long-arm statute did not allow personal jurisdiction over Econo Lodge because it had no contacts here.

### III.  Wrong Place

{¶ 11} Even if Starks had sued the right people, he sued them in the wrong place. Proper venue lies in any one or more of the following counties: (1) the county in which the defendant resides; (2) the county in which the defendant has his or her principal place of business; (3) a county in which the defendant has conducted activity that gives rise to the claim for relief; (4) a county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property; (5) the county in which all or part of the claim for relief arises; (6) in actions under Ohio's long-arm statute, the county where the plaintiff resides; (7) if there is no available forum, the county in which the plaintiff resides, has his or her principal place of business, or regularly and systematically conducts business activity.[5]

{¶ 12} Both law and common sense compel us to hold that Hamilton County, Ohio, was not the proper venue for this case—Econo Lodge is a Tennessee corporation, none of the alleged wrongs happened here, and Econo Lodge had no contact with Ohio. And that conclusion is also applicable to Choice. Though other franchisees used the Econo Lodge name in Ohio, that fact, without more, was not enough to make Hamilton County an appropriate venue.

---

4. See R.C. 2307.382.

5. See Civ.R. 3(B).

### *IV. No Wrong to Right*

{¶ 13} Even if Starks had sued the right people in the right place, he had no case. A reasonable person knows there is a checkout time in a hotel or motel. The industry could not operate if everyone got exactly 24 hours of occupancy— when would the rooms be cleaned? A morning checkout time is standard. Perhaps Starks is nocturnal. "Some walk by night, some fly by day." [6] But most people are diurnal. The old concept of an inn was a place to stay the night. It is patently unreasonable that anyone would think there is not a checkout time. After the checkout time has passed, the guest becomes a trespasser.[7]

{¶ 14} Because Starks sued the wrong people, in the wrong place, alleging no wrong to right, there was no room in the judicial inn for Starks's grievance. So we affirm the trial court's judgment dismissing his complaint.

### *V. Frivolous Appeal*

{¶ 15} This lawsuit and appeal are baseless. There was no reasonable cause for this appeal. And Starks has caused significant expense to the companies that had to respond.

{¶ 16} Though we fear it may be a vain act, we sua sponte grant judgment for each appellee for $1,250 under R.C. 2505.35. (We are aware that a *Page's* annotation tells us that the parties must first ask for relief, citing *Columbus v. Moretti's Poultry.*[8] But neither that case nor R.C 2505.35 says any such thing— just another caution against relying on annotations or headnotes.)

{¶ 17} Though the fees are undoubtedly more, we use the statute rather than App.R. 23 so that no more time will be spent by counsel in preparing fee affidavits.[9] But if counsel would like to submit those affidavits, we will certainly consider granting any reasonable fees.

Judgment affirmed.

HILDEBRANDT, J., concurs.

HENDON, J., concurs separately.

---

6. Al Jarreau, *Moonlighting Theme*, music by Lee Holdridge, lyrics by Al Jarreau. See http://www.gofish.com/player.gfp?gfid=30–1045227.

7. Cournoyer, Marshall, & Morris, Hotel, Restaurant, & Travel Law (2003) 303.

8. (1988), 48 Ohio App.3d 79, 548 N.E.2d 285.

9. See R.C. 2505.35; App.R. 23; Painter & Dennis, Ohio Appellate Practice (2007), Section 7:74.

HENDON, J., concurring.

{¶ 18} While the court system must remain open for the redress of a citizen's perceived injustices, there is a point at which even the most liberal interpretation of personal rights fails in the light of common sense. This is one such case.

{¶ 19} The injustice done here was not to the plaintiff—it was by the plaintiff. To bring these defendants into the legal system for a wrong they did not commit, in a court foreign to their place of business, is a miscarriage of justice to the highest degree. I concur wholeheartedly in the award of available sanctions against the plaintiff.