{¶ 27} Without question, the nature of this lawsuit is one contrived to "ambush" the defendant under the color of the Ohio Consumer Sales Practices Act, which seeks to protect Ohio's consumers from injury due to unfair practices by unscrupulous businesses. In this case, Burdge cannot claim that he was injured in any way, lest why would he return to the "offending" retailer multiple times over a short period of time? The only conclusion is that he was building his claim, with an eye toward statutory damages. A truly reasonable consumer would avoid repeated transactions with a retailer believed to be actually violating the law!
 {¶ 28} What is particularly disturbing about the contrived nature of this frivolous action, as discussed above, is that, unlike the situation in our recent *Page 10 
decision of Starks v. Choice Hotels Int'l.,[22] where a pro se litigant pursued his frivolous claim through the appellate process, an attorney, licensed to practice in this state and sworn as an Officer of the Court, would facilitate this type of exploitive litigation to the detriment of the defendant, the court system, and the practice of law in general.
 {¶ 29} I concur in the court's decision and the award of sanctions.
[22] 1st Dist. No. C-060326, 2007-Ohio-1019. *Page 1