[Cite as *Baker v. Greenlee*, 2012-Ohio-3760.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARTIN BAKER, | : | APPEAL NO. C-110779 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1102737 |
| vs. | : | *O P I N I O N.* |
| TINA GREENLEE, | : | |
| and | : | |
| WILLIAM O. REILLY, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 22, 2012

*Thomas F. Payne* for Plaintiff-Appellant,

*John H. Flessa* for Defendants-Appellees.

Please note: This case has been removed from the accelerated calendar.

**HENDON, Presiding Judge.**

**{¶1}** Defendant-appellant Martin Baker appeals from the trial court's judgment dismissing Baker's complaint for lack of venue and for lack of personal jurisdiction over defendants-appellees Tina Greenlee and William Reilly. For the following reasons, we reverse the trial court's judgment and remand this case for further proceedings.

**{¶1}** Baker is a resident of Ohio. Greenlee and Reilly both reside in Kentucky. Baker filed a complaint in the Hamilton County Court of Common Pleas. In count one of his complaint, Baker alleged that Reilly, acting as Greenlee's agent, had converted Baker's truck and the tools that were in it when Reilly had come into Ohio from Kentucky and had taken Baker's truck without his permission. In counts two and three of his complaint, Baker pleaded a conversion claim against Greenlee and an unjust enrichment claim against Greenlee and Reilly. These claims related to personal and real property located in Kentucky. In count four, Baker moved the court for a partition of property, requesting that the court order a sale of the truck, which Baker co-owned with Greenlee, and a distribution of the proceeds.

**{¶2}** The trial court dismissed Baker's complaint for lack of personal jurisdiction over Greenlee and Reilly and for improper venue pursuant to Civ.R. 12(B)(2) and (B)(3), respectively.

## I. PERSONAL JURISDICTION ON COUNT ONE, CONVERSION IN OHIO

**{¶3}** In his first assignment of error, Baker claims that the trial court erred in dismissing his complaint for lack of personal jurisdiction. We note that in his appellate brief, Baker limits his analysis to count one in his complaint—the conversion claim relating to the truck and tools. We address this count first.

**{¶4}** "Where a defendant asserts that the court lacks personal jurisdiction over him, the plaintiff has the burden to establish the court's jurisdiction." *Interior Servs. v. Iverson*, 1st Dist. No. C-020501, 2003-Ohio-1187, ¶ 7. In this case, the trial court did not conduct an evidentiary hearing. Baker therefore only had to make a prima facie case of jurisdiction to defeat the motion to dismiss. *Id.* In addition, absent a hearing, the trial court was required to view the allegations in the pleadings and the affidavits submitted to the court in a light most favorable to Greenlee and Reilly, resolving all reasonable competing inferences in their favor. *Id.* Our review of the trial court's decision is de novo. *Id.*

### Two-Prong test

**{¶5}** A court has personal jurisdiction over an out-of-state defendant when (1) the state's "long arm" statute and applicable rule of civil procedure confer personal jurisdiction and (2) where granting jurisdiction under the statute and rule would not deprive the defendant of the right to due process under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184, 1994-Ohio-504, 624 N.E.2d 1048; *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St.3d 73, 75-76, 559 N.E.2d 477 (1990).

### Ohio's Long Arm Statute and Civ.R. 4.3

**{¶6}** Ohio's long-arm statue, R.C. 2307.382, and Civ.R. 4.3 apply to the first prong of this test. In pertinent part, R.C. 2307.382(A)(3) states that, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * causing tortious injury by an act or omission in this state." Civ.R. 4.3(A)(3) allows for service of process on an out-of-

state defendant where the defendant is alleged to have caused "tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle * * * ."

{¶7}   Here, Baker's complaint provides that Greenlee and Baker caused him tortious injury in Ohio when Reilly, acting as Greenlee's agent, came into Ohio from Kentucky and took Baker's truck and his tools without permission.[1]   These facts satisfy the first prong of the personal jurisdiction test in regard to count one of Baker's complaint.

### Minimum Contacts, Fair Play, and Substantial Justice

{¶8}   As to the second prong of the test, Ohio courts "may assert personal jurisdiction over a nonresident defendant if the nonresident has certain minimum contacts with Ohio so that the case does not offend traditional due process concerns of fair play and substantial justice. *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 593, 2001-Ohio-1289, 752 N.E.2d 281; *see also Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945).

{¶9}   There are numerous ways a defendant may establish "minimum contacts" with a forum state. As it pertains to this count, a nonresident defendant has established minimum contacts with a forum state where the contacts proximately result from actions by the defendant that create a substantial connection with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Internatl. Shoe, supra*.

---

[1] Although Greenlee and Baker shared ownership of the truck, Baker has adequately pleaded a conversion claim based on *Keys v. Pittsburg & Wheeling Coal Co.*, 58 Ohio St. 246, 50 N.E. 911 (1898).

{¶10} According to Baker's complaint, Greenlee and Reilly purposefully directed their actions toward an Ohio resident in Ohio when Reilly took Baker's truck and tools. Consequently, Greenlee and Reilly had "minimum contacts" with Ohio as it pertains to count one.

{¶11} The final step in our analysis is determining whether exercising personal jurisdiction over Greenlee and Reilly on count one would comport with "fair play and substantial justice." In *Burger King*, the United States Supreme Court held that the following factors may be relevant to such a determination: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *Burger King* at 477, citing *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

{¶12} The relevant factors in this case weigh in favor of exercising personal jurisdiction over Greenlee and Reilly. Greenlee and Reilly reside in Walton, Kentucky. The trial court noted on the record that Walton was "not too far away." This is not a case where the defendants live hundreds or thousands of miles from the forum state. Further, a state generally has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *Burger King*, at 473.

{¶13} We therefore hold that the trial court has personal jurisdiction over Greenlee and Reilly on count one.

## II.    Personal Jurisdiction on Counts Two, Three, and Four

**{¶14}** Baker contends that the remainder of his claims can be joined under Civ.R. 18(A).  But Civ.R. 18(A) does not automatically allow for joinder of out-of-state claims, as Baker seems to suggest.  In *U.S. Sprint*, the Ohio Supreme Court held that "[o]nce an Ohio court acquires personal jurisdiction over a nonresident defendant for claims arising in Ohio, Civ.R. 18(A) permits joinder of related claims that do not arise in Ohio, as long as granting jurisdiction for all claims does not deprive defendant of the right to due process of law."  *U.S. Sprint*, 68 Ohio St.3d at syllabus, 624 N.E.2d 1048.

**{¶15}** In *U.S. Sprint*, only six of seventeen breach of contract claims brought by U.S. Sprint against Mr. K's Foods, Inc., a foreign corporation, had arisen in Ohio. In holding that the out-of-state claims had been properly joined under Civ.R. 18(A), the court noted that all seventeen claims were of a similar nature—each was a breach of contract claim for telephone services requested by Mr. K's for business purposes. *Id.*, at 188.  The court also noted that "the very nature and factual similarity among all seventeen causes of action * * *[gave] rise to the court's interest in litigating them all in one forum" so as to avoid inconsistent verdicts. *Id.*  Overall, the court appears to have analyzed the inconvenience or "fairness" to the defendant and the interest the state had in adjudicating all seventeen claims, together. *Id.*

**{¶16}** In this case, the record is not sufficiently developed in regards to whether joining Baker's remaining claims would violate Greenlee's or Reilly's due process rights. We therefore remand this case to the trial court for such a determination.

{¶17} Accordingly, we reverse trial court's judgment finding a lack of personal jurisdiction over Greenlee and Reilly on counts two, three, and four and we remand this cause for further proceedings on these claims.

{¶18} Baker's first assignment of error is sustained.

### III.   Venue

{¶19} In his second assignment of error, Baker asserts that the trial court erred when it held that venue was improper.  Our review is de novo. *Starks v. Choice Hotels Internatl.*, 175 Ohio App.3d 510, 2007-Ohio-1019, 887 N.E.2d 1244, ¶ 7.

{¶20} Civ.R. 3(B)(3) states that venue is proper in "a county in which the defendant conducted activity that gave rise to the claim for relief."  Greenlee and Reilly allegedly converted Baker's truck and tools in Hamilton County.  Baker brought his cause of action in Hamilton County.  Venue in Hamilton County on count one is proper.  Should the trial court determine that any or all of Baker's other claims may be joined under Civ.R. 18(A), venue would be proper on those counts, as well, pursuant to Civ.R. 3(E).  We therefore sustain the second assignment of error.

{¶21} In sum, we hold that the trial court has personal jurisdiction over Greenlee and Reilly as to count one in Baker's complaint, and that Hamilton County is the proper venue for this count.  This cause is remanded for the trial court for further proceedings to determine whether the remaining counts may be joined under Civ.R. 18(A) and Civ.R. 3(E).

Judgment reversed and cause remanded.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.