[Cite as *Taddeo v. Bodanza*, 2014-Ohio-3719.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100704

---

# RAY J. TADDEO

### PLAINTIFF-APPELLANT

vs.

# MICHAEL A. BODANZA, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-753685

**BEFORE:** Rocco J., Boyle, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEYS FOR APPELLANT**

Mary Davis
Gregory D. Seeley
Seeley, Savidge, Ebert & Gourash
26600 Detroit Road, 3rd Floor
Westlake, Ohio   44145

**ATTORNEYS FOR APPELLEES**

**For Michael Bodanza, et al.**

Karl E. May
Kadish Hinkel & Weibel
1360 East 9th Street
Suite 400
Cleveland, Ohio   44114

**For O.N. Equity Sales Company, et al.**

Kris Banvard
Marion H. Little
Zeiger, Tigges & Little L.L.P.
41 S. High Street
Suite 3500
Columbus, Ohio   43215

KENNETH A. ROCCO, J.:

{¶1} Plaintiff-appellant Ray J. Taddeo, Jr., as executor of Ray J. Taddeo's estate, appeals from the trial court's grant of summary judgment in favor of defendants-appellees Michael Bodanza, Preferred Financial Services, Inc. ("PFS"), O.N. Equity Sales Company ("ONESCO"), and John J. Takacs.[1]   For the reasons that follow, we affirm the trial court's final judgment.

{¶2}   In January 2004, Taddeo opened two securities accounts with ONESCO, through Bodanza, who at that time was a registered representative of ONESCO and the sole owner of PFS.   Takacs also did business in the PFS office under the PFS name and was a registered representative of ONESCO.

{¶3} In 2006, Bodanza advised ONESCO that he wanted to engage in private securities transactions to raise capital for an oil and gas venture.   ONESCO advised Bodanza that, under its rules, Bodanza could not participate in the private securities transactions.   Bodanza opted to resign from ONESCO and to surrender his securities license so that he could pursue the private securities transactions.   Bodanza then began marketing activities on behalf of Preferred Financial Holdings Co., L.L.C. ("PFH"), a venture in oil and gas drilling.   Meanwhile, Takacs became the ONESCO supervisor for PFS.

---

[1]The underlying lawsuit was filed in 2011 by Ray J. Taddeo who died on May 21, 2012, while the case was pending.   Thereafter, Ray J. Taddeo, Jr., executor of plaintiff's estate was substituted as plaintiff.   All references to Taddeo in this opinion are to the original plaintiff, the late Ray J. Taddeo.

{¶4} In December 2007, Taddeo met with Bodanza, and Bodanza informed Taddeo that he had relinquished his securities license and that Taddeo's accounts were held by ONESCO as house accounts. Bodanza asked Taddeo if he was interested in PFH. Taddeo was interested. Taddeo asserts that Bodanza presented an offer to purchase PFH "bonds." But, in fact, Taddeo had purchased two promissory notes from PFH in the total amount of $230,000. Taddeo further alleged that Takacs came to Taddeo's house to obtain Taddeo's signature on one of the promissory notes and to pick up checks for the investment.

{¶5} When the notes became due in October 2010, PFH could not pay them. On April 21, 2011, Taddeo filed his initial complaint in the trial court setting forth several causes of action within three broad categories: (1) as insurance agents (false and fraudulent representation, negligent misrepresentation, breach of fiduciary duty, breach of the duty to exercise reasonable care in advising client, common law fraud, negligent supervision, unjust enrichment, and bad faith); (2) as securities registered representatives (fraud by seller under R.C. 1707.41, advisor liability under R.C. 1707.42, sale of unlicensed securities under R.C. 1707.43, conversion, negligent supervision, and unjust enrichment); and as tax preparer (negligence).

{¶6} Following discovery, the defendants filed four separate motions for summary judgment on all of Taddeo's claims.[2] On November 5, 2013, the trial court entered

---

[2] Two of those motions were filed by defendants who are not parties to this appeal.

summary judgment, followed by a nunc pro tunc entry on November 22, 2013, which clarified that summary judgment was granted to all defendants on all claims.

{¶7} Taddeo now appeals, asserting six assignments of error for our review:

I. The trial court erred when it granted summary judgment to Bodanza when Bodanza sold unregistered securities, making him strictly liable for reimbursement to the purchasers thereof.

II. The trial court erred when it granted summary judgment to ONESCO when there was an expert report that opined that ONESCO was liable for Bodanza's actions.

III. The trial court erred when it granted summary judgment to Takacs when Takacs participated in and aided the sale of the unregistered securities in Ohio by taking the documents for signature to the home of Taddeo, picking up the checks for investment and Takacs provided services to clients under the name PFS.

IV. The trial court erred when it granted summary judgment to PFS when PFS participated in and aided the sale of unregistered securities as it was an umbrella organization under which business was conducted at the same address as PFH, and Taddeo was a client of PFS.

V. The trial court erred when it granted summary judgment to ONESCO when ONESCO admittedly had authority over operations and publicity at PFS.

VI. The trial court erred when it granted summary judgment to Bodanza and ONESCO on the tax claims when the evidence demonstrates that Bodanza led Taddeo to believe he was transferring funds from one retirement plan to another.

{¶8} When reviewing an order granting summary judgment, we apply a de novo standard, meaning we independently review the record to determine whether summary

judgment is warranted. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000).

**{¶9}** Civ.R. 56(C) provides that summary judgment is appropriate if (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

**{¶10}** The moving party carries the initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, the court should not grant summary judgment. If the movant does meet its burden, summary judgment is warranted only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

**{¶11}** We address the first, third, fourth, fifth, and sixth assignments of error together, because the analysis involved is the same. App.R. 16(A)(7) requires

> an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

We may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *See* App.R. 12(A)(2). We may also disregard an assignment of error if an appellant fails to set forth an argument in

support of that assignment of error. *Roth v. Roth*, 8th Dist. Cuyahoga No. 89141, 2008-Ohio-927, ¶ 71 ("[I]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.").

{¶12} In his first assignment of error, Taddeo asserts that the trial court erred by granting summary judgment to Bodanza when Bodanza sold unregistered securities, making Bodanza strictly liable for reimbursement to the purchasers of those securities. Taddeo has not cited to any legal authority nor to any portion of the record in support of this assignment of error. Further, we are unable to discern what Taddeo is arguing because he does not link his assignment of error to any cause of action that he asserted in his complaint. Accordingly, we overrule the assignment of error.

{¶13} In his third assignment of error, Taddeo argues that the trial court erred in granting summary judgment to Takacs when Takacs participated in and aided the sale of the unregistered securities in Ohio by taking the documents for signature to the home of Taddeo, picking up the checks for investment and Takacs provided services to clients under the name PFS. Assuming that Takacs did everything alleged by Taddeo, Taddeo fails to explain how Takacs's actions form the basis of a viable legal claim. Taddeo does not even identify a cause of action. Because Taddeo fails to make a legal argument supported with citation to legal authority, we overrule the third assignment of error.

{¶14} Taddeo's fourth assignment of error contains the same fatal flaw. Here Taddeo argues that the trial court erred in granting summary judgment to PFS when PFS participated in and aided the sale of unregistered securities. Taddeo asserts that PFS

business was conducted at the same address as PFH, and that Taddeo was a PFS client. Taddeo fails to cite to any legal authority to support his conclusory contention that these facts form the basis of a viable legal claim. Accordingly, we overrule the fourth assignment of error.

{¶15} In his fifth assignment of error, Taddeo argues that the trial court erred in granting summary judgment to ONESCO when ONESCO had authority over operations and publicity at PFS. Once again, Taddeo's six-line "argument" fails to cite to a single legal authority. We overrule the fifth assignment of error.

{¶16} Taddeo's sixth assignment of error asserts that the trial court erred in granting summary judgment to Bodanza and ONESCO on the tax claims when the evidence demonstrates that Bodanza led Taddeo to believe that he was transferring funds from one retirement plan to another. This assignment of error is unsupported by any argument or citation to legal authority. The sixth assignment of error is overruled.

{¶17} In his second assignment of error, Taddeo argues that the trial court erred by granting summary judgment to ONESCO, because Taddeo included an expert report in his motion opposing summary judgment that opined that ONESCO was liable for Bodanza's actions. According to Taddeo, the expert's report creates a genuine issue of material fact as to ONESCO's liability.

{¶18} Taddeo argues that ONESCO is liable for Bodanza's actions under the theory of respondeat superior, but Taddeo has failed to set forth any argument

establishing Bodanza's liability.[3]  Respondeat superior is a form of vicarious liability. *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 20.   A principal is vicariously liable for the acts of his agent only when the agent is directly liable.  *Id.* at ¶22.  Because Taddeo has failed to establish that there is a genuine issue of material fact as to Bodanza's liability as the agent, it follows that summary judgment must also be granted to ONESCO as the principal.  Accordingly, we overrule the second assignment of error.

{**¶19**} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[3]*See* ¶ 12 *supra.*