[Cite as *131 Miles, L.L.C. v. 3M&B, L.L.C.*, 2021-Ohio-3198.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

131 MILES, L.L.C., ET AL., :

     Plaintiffs, :

                        No. 109558

     v. :

3M&B, L.L.C., ET AL., :

     Plaintiffs-Appellees, :

[Appeal by Restaurant Developers Corp. :
Third-Party Defendant-Appellant.]

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 16, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917582

---

*Appearances:*

Harvey J. McGowan, *for appellees.*

L. Bryan Carr, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant, Restaurant Developers Corp. ("RDC"), appeals the trial court's judgment denying its motion for attorney fees and sanctions against

appellees 3M&B L.L.C. ("3M&B"), Mike Abrahim ("Abrahim"), and Harvey McGowan ("McGowan").  After reviewing the law and pertinent facts of the case, we affirm.

## I.    Facts and Procedural History

{¶ 2}    The underlying dispute in this litigation involves the construction of a Mr. Hero restaurant.  RDC is a franchisor of Mr. Hero Restaurants.  One of RDC's franchisees, 131 Miles, L.L.C. ("131 Miles"), entered into a construction contract with 3M&B to construct a Mr. Hero restaurant.   Abrahim is a member of 3M&B. McGowan acted as counsel to 3M&B in the litigation.

{¶ 3}    The litigation began with a suit brought by one of 3M&B's subcontractors who named both 131 Miles and 3M&B as defendants.   The subcontractor alleged breach of contract and unjust enrichment stemming from the construction of 131 Miles's Mr. Hero restaurant.  131 Miles and 3M&B filed cross- and counter-claims against one another.  On May 23, 2019, all parties agreed to dismiss all claims without prejudice.

{¶ 4}    On July 1, 2019, 131 Miles filed a complaint against 3M&B and others seeking money damages and injunctive relief, asserting, among other claims, breach of contract again stemming from the construction of 131 Miles's Mr. Hero restaurant.  3M&B filed a third-party complaint against RDC alleging one count of unjust enrichment.  RDC moved to dismiss 3M&B's third-party complaint, which was denied on November 20, 2019.

{¶ 5} Following a court-ordered settlement conference held on February 12, 2020, the case settled. As memorialized in a stipulation for dismissal and judgement entry, all claims against all parties (including RDC) were dismissed with prejudice. All parties signing the dismissal entry, including Abrahim and McGowan, agreed to bear their own costs. Neither a representative of RDC nor RDC's counsel signed the stipulation for dismissal and judgment entry. According to the stipulation for dismissal and judgment entry, RDC was dismissed without any terms or conditions.

{¶ 6} After being dismissed from the case, RDC filed a motion in the trial court for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. RDC argued that 3M&B, Abrahim, and McGowan (collectively "Appellees") engaged in frivolous conduct when they filed the third-party complaint for unjust enrichment against RDC. The trial court denied RDC's motion without holding a hearing. It is from that denial that RDC appeals.

## II. Law and Analysis

{¶ 7} In its sole assignment of error, RDC argues that the trial court erred when it denied RDC's motion for attorney fees and sanctions against 3M&B, Abrahim, and McGowan. We disagree.

{¶ 8} "[W]hat constitutes frivolous conduct under R.C. 2323.51 may be a factual determination or a legal determination. On review, a trial court's findings of fact are given substantial deference and are reviewed under an abuse of discretion standard, while legal questions are subject to de novo review by an appellate court."

(Citations omitted.) *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 98777, 2013-Ohio-1557, ¶ 14. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Further, "whether a party has good grounds to assert a claim under Civ.R. 11 * * *" is reviewed de novo. *ABN AMRO* at ¶ 14.

**{¶ 9}** In its appellant brief, RDC argues that it was entitled to an award of attorney fees and sanctions due to the filing of the third-party complaint because 3M&B and Abrahim "had no valid claim against Appellant, yet they utilized the legal process for harassment." RDC also argues that 3M&B and Abrahim had no evidentiary support for the unjust enrichment claim against RDC. RDC argues that this conduct was frivolous under R.C. 2323.51.

**{¶ 10}** R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as conduct that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 11} First, we address RDC's claim of harassment under R.C. 2323.51. Whether an action serves to harass is a question of fact. "[T]he trial judge has 'the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved,' and, consequently, a finding of whether certain conduct was engaged in to harass or injure another party is entitled to substantial deference by a reviewing court." *Grimes v. Oviatt*, 2019-Ohio-1365, 135 N.E.3d 378, ¶ 27 (8th Dist.), quoting *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 233, 661 N.E.2d 782 (9th Dist.1995). As such, this court will defer to the determination of the lower court so long as that decision was not unreasonable, arbitrary, or unconscionable. RDC does not provide any evidence in the record or legal authority to support its assertion that 3M&B filed its third-party complaint to harass. Our review of the record reveals nothing that leads this court to believe that 3M&B's third-party complaint was meant to harass RDC.

{¶ 12} Next, we address RDC's argument that 3M&B and Abrahim had no valid claim against it. We start by noting that Abrahim did not bring any claim against RDC. The third-party complaint for unjust enrichment was brought solely by 3M&B. Nevertheless, RDC sought R.C. 2323.51 sanctions against RDC and Abrahim. We also note that the test for frivolous conduct is not the validity of the claim, as argued by RDC, but whether the claim is "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument." R.C. 2323.51(A)(2)(a)(iii). We review de novo whether 3M&B's claim against RDC

is warranted under existing law, a good faith argument for its extension or a good faith argument under existing law. *Grimes* at ¶ 30.

> Whether a claim is warranted under existing law is an objective consideration. The test * * * is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.

(Citations omitted.) *Id.*, quoting *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 36.

{¶ 13} Here, it is not "absolutely clear under existing law that no reasonable attorney could argue" 3M&B's claim for unjust enrichment. In their brief, Appellees explained that they had a "reasonable expectation of a claim against the Appellant, based upon the franchisor/franchisee relationship" and the control RDC had over its franchisees. That is, 3M&B brought its third-party complaint against RDC based on its assessment that if a principal-agent relationship existed between RDC and 131 Miles, RDC also benefitted from the work completed by 3M&B. According to Appellees, a franchise document between RDC and 131 Miles, provided to Appellees in response to requests for production, demonstrated that "all construction change orders made by the Franchisee [131 Miles] had to have the approval of Appellant [RDC], to maintain the uniformity of its Mr. Hero chain." Those construction change orders and uncompleted work were at the heart of the litigation between 3M&B and 131 Miles.

{¶ 14} "Generally, a franchisor is not liable for the acts of its franchisee unless an agency relationship exists." *Starks v. Choice Hotels Internatl.*, 175 Ohio

App.3d 510, 2007-Ohio-1019, 887 N.E.2d 1244, ¶ 9.  There is some case law support for the proposition that, if an agency relationship does exist, the franchisor-principal may become liable for the acts of the franchisee-agent.  *See Hamlin v. Motel Six*, 2d Dist. Miami No. 2000-CA-2, 2000 Ohio App. LEXIS 2439 (June 9, 2000) (Analyzing whether the franchisor had the requisite amount of control over its franchisee to make it liable for the acts of the franchisee under a principal-agent relationship.).

{¶ 15} Here, 3M&B brought a claim against RDC for unjust enrichment. Unjust enrichment is a quasi-contractual legal theory based in equity.  *See Cleveland Cent. Catholic High School v. Mills*, 2018-Ohio-4873, 125 N.E.3d 328 (8th Dist.).  A plaintiff may be entitled to recover against a defendant when the plaintiff confers a benefit onto the defendant, the defendant had knowledge of that benefit, and an unjust result would occur if the defendant were able to retain the benefit without payment to the plaintiff.  *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20.  The purpose of an unjust enrichment claim is not to compensate plaintiffs for their losses or damages but for the benefit they conferred onto the defendant.  (Citations omitted.)  *Graves Lumber Co. v. Croft*, 2014-Ohio-4324, 20 N.E.3d 412, ¶ 65.

{¶ 16} While it is generally true that RDC would not be liable for the acts of its franchisee, 131 Miles, solely because of its status as franchisor, under existing law 3M&B could argue in good faith that RDC could become liable if the nature of its relationship extends to that of principal-agent due to the amount of control it has

over the franchisee. Through that control, it may have retained a benefit conferred onto it by 3M&B through its construction of the Mr. Hero restaurant that abided by RDC's specifications. *See Taddeo v. Bodanza,* 8th Dist. Cuyahoga No. 100704, 2014-Ohio-3719, ¶ 18 (Analyzing a claim for unjust enrichment against an alleged principal for acts of an alleged agent.). We, therefore, do not find RDC's argument that 3M&B's third-party complaint was frivolous as a matter of law to be well-taken.

{¶ 17} RDC also claims that 3M&B's claim for unjust enrichment was not supported by any evidence. RDC pointed to deposition testimony of 3M&B's member Abrahim in which he blamed all changes and increased costs on 131 Miles, its president (Jay Patel), and its architect. At deposition, Abrahim explained that "Jay went over budget. He wanted a Taj Mahal instead of Mr. Hero." RDC also points to 3M&B's filings in the first litigation where it claimed that 131 Miles requested changes outside the scope of the contract between 3M&B and 131 Miles (not that RDC was responsible for the changes).

{¶ 18} To support a finding of frivolous conduct requires more than an assertion that there was no evidentiary support for the party's allegations. Rather, an award of sanctions requires a showing that the allegations "are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." R.C. 2323.51(A)(2)(a)(iii). 3M&B filed a motion to compel discovery responses from RDC that RDC opposed or in the alternative requested an in camera inspection of documents requested. These motions were not ruled on prior to the case being settled and dismissed. That is, 3M&B sought discovery in furtherance of

its claim which, if it had borne out, could potentially have supported its claim under existing law.

{¶ 19} Therefore, we do not find that the trial court erred in denying RDC's motions for sanctions under R.C. 2323.51 because nothing demonstrated that filing the third-party complaint was meant to harass RDC; the claim was supported by a good faith argument under existing law; and it was dismissed before it was determined whether, after a reasonable opportunity for investigation, there was evidentiary support.

{¶ 20} Turning to Civ.R. 11, when an attorney signs a document submitted to a court, that attorney's signature "constitutes a certificate by the attorney * * * that to the best of the attorney's * * * knowledge, information and belief, there is good ground to support it." When a trial court rules on a motion pursuant to Civ.R. 11, it "must consider whether the attorney signing the [challenged] document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay." *Ceol v. Zion Indus., Inc.,* 81 Ohio App.3d 286, 290, 610 N.E.2d 1076 (9th Dist.1992).

{¶ 21} As discussed, we find that 3M&B's third-party complaint was supported by a good faith argument under existing law and that filing the complaint was not meant to harass. We find nothing in the record to indicate that McGowan signed the third-party complaint without reading it, without good grounds to support it, or for the purposes of delay. As such, we do not find that the trial court erred in denying RDC's motion for sanctions pursuant to Civ.R. 11.

{¶ 22} Under the facts of this case, we do not find that the court erred in denying RDC's motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. As an appellate court, we cannot substitute our judgment for that of the trial court. "The trial court is in the best position to appraise the conduct of the parties, and we must defer to the trial court's ruling on the motion for sanctions." *Cruz v. English Nanny & Governess School, Inc.*, 2017-Ohio-4176, 92 N.E.3d 143, ¶ 112 (8th Dist.).

{¶ 23} Accordingly, RDC's assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR