YATES, APPELLEE, *v.* GENERAL MOTORS CORP., APPELLANT, ET AL.

[Cite as Yates *v.* G. M. Corp., 10 Ohio App. 2d 11.]

(No. 27995—Decided March 30, 1967.)

*Messrs. Griff, Weiner & Orkin,* for appellee.

*Messrs. Jones, Day, Cockley & Reavis* and *Mr. Crede Calhoun,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Lillian W. Burke,* for Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

CORRIGAN, J. This cause is before us on appeal on questions of law in a workman's compensation case from a judgment rendered by the Court of Common Pleas of Cuyahoga County in plaintiff-appellee's favor "that plaintiff shall participate under the Workmen's Compensation Act of Ohio for injuries to plaintiff's neck, back and head," after demurrer of defendant-

appellant, General Motors Corporation, was overruled and defendant-appellant elected not to plead further.

The case was in Common Pleas Court on an appeal by plaintiff from a ruling of the Industrial Commission which had vacated the order of the Regional Board of Review and ordered that plaintiff's claim be disallowed. Following the order of the Industrial Commission, plaintiff filed his notice of appeal in Common Pleas Court on November 15, 1965, as required by Section 4123.519, Revised Code.

Defendant-appellant urges two assignments of error as follows:

1. The trial court abused its discretion and committed error prejudicial to defendant-appellant in overruling defendant-appellant's motion to make definite and certain or, in the alternative, to strike.

2. The trial court committed error prejudicial to the defendant-appellant in failing to sustain defendant-appellant's demurrer and entering judgment against defendant-appellant.

Plaintiff alleges in paragraph one of his petition that ''while working in the course of his employment for appellee, Fisher Body Division, General Motors Corporation, he sustained injuries to his neck, back and head, * * *.'' Defendant urges that its motion to make these allegations definite and certain should have been granted because they are conclusions. We do not agree with this view. The exact nature of the injury has been previously stated, tried and decided three times in the original administrative steps that precede the judicial appellate procedures available, and the defendant is certainly familiar with the records of the claimed injuries contained in these administrative proceedings.

We find no merit to appellant's first claim of error and same is hereby overruled.

As to the second claimed error, defendant-appellant's demurrer was based upon an asserted failure of the petition to allege certain facts in two respects: first, that the Common Pleas Court had jurisdiction, and, second, that the claimant was entitled to participate under the Workmen's Compensation Act of Ohio.

On the jurisdictional point urged, it is to be noted that the record discloses that plaintiff seasonably filed a notice of appeal

with the commission and with the Common Pleas Court. Such filings as provided by Section 4123.519, Revised Code, vested jurisdiction in the Common Pleas Court, and it is not necessary to do anything further to perfect the appeal. See *Singer Sewing Machine Co.* v. *Puckett*, 176 Ohio St. 32, and *Thompson* v. *Reibel*, 176 Ohio St. 258.

The petition filed in Common Pleas Court in this case alleges in part:

"* * *

"The court has jurisdiction over this appeal under the provisions of Section 4123.519 of the Revised Code of the state of Ohio for the reasons herein outlined.

"The issue in this appeal is whether or not the claimant sustained an injury in the course of and arising out of his employment thus entitling him to participate in the workmen's compensation fund."

The pertinent part of Section 4123.519, Revised Code, provides:

"* * *

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. Further pleadings shall be had in accordance with the rules of civil procedure, * * *."

In our opinion, the petition filed on behalf of the claimant in the Court of Common Pleas in this case by way of appeal pursuant to the provisions of Section 4123.519, Revised Code, is sufficient. Any requirement for appeal to the Common Pleas Court from an administrative decision must be found in the statutes which create such right of appeal. This statute does not give the claimant a cause of action but rather a right of appeal. It is in no sense an original action. This statute provides what the issues are as follows:

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action."

These issues may not be changed by pleadings. The petition as required to be filed in cases appealed under this section is not analogous to one filed under Code pleading statutes. See

*Mims* v. *Lennox-Haldeman Co.,* 8 Ohio App. 2d 226. According to this statute, the petition is employed for the purpose of "setting forth the basis for the jurisdiction of the court over the action and setting forth the issues." It is stated in *Swift & Co.* v. *Wreede,* 110 Ohio App. 252:

"* * *. There is no requirement that the petition set forth a cause of action, but the statute requires instead that it set forth the 'basis for [appellate] jurisdiction of the [Common Pleas] court over the action.' * * *."

And the Supreme Court, in *Singer Sewing Machine Co.* v. *Puckett,* 176 Ohio St. 32, held the filing of the petition for claimant under this section not to be jurisdictional, the filing of the notice of appeal with the Industrial Commission and the Court of Common Pleas being the only act needed to vest jurisdiction in the Court of Common Pleas.

Accordingly, appellant's second claim of error is overruled. The judgment in favor of plaintiff is affirmed.

*Judgment affirmed.*

ARTL, C. J., and SILBERT, J., concur.