[Cite as *Marshall v. Oncology/Hematology Care, Inc.*, 2014-Ohio-2253.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| KYM MARSHALL, | : | APPEAL NO. C-130659 | |
| | | TRIAL NOS. A-1206059 | |
| Plaintiff-Appellant, | : | A-1206269 | |
| vs. | : | *O P I N I O N.* | |
| ONCOLOGY/HEMATOLOGY CARE, INC., | : | | |
| | : | | |
| and | | | |
| | : | | |
| STEPHEN BUEHRER, ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, | : | | |
| | : | | |
| Defendants-Appellees. | | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 28, 2014

*Brown, Lippert & Laite* and *David A. Laite*, for Plaintiff-Appellant Kym Marshall,

*Taft Stettinius & Hollister LLP* and *Andrew R. Thaler*, for Defendant-Appellee Oncology/Hematology Care, Inc.,

*Michael DeWine*, Ohio Attorney General, and *David J. Fierst*, Assistant Attorney General, for Defendant-Appellee Administrator, Ohio Bureau of Workers' Compensation.

Please note: this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Presiding Judge.**

{¶1}  Plaintiff-appellant Kym Marshall has appealed from the trial court's entry granting summary judgment to her employer, Oncology/Hematology Care, Inc., and the Ohio Bureau of Workers' Compensation ("the defendants"), in the case numbered A-1206059, and dismissing her complaint in the case numbered A-1206269.  Because Marshall provided no evidence establishing a causal connection between her workplace injury and the conditions for which she sought participation in the workers' compensation fund in the case numbered A-1206059, we hold that the trial court appropriately granted summary judgment to the defendants.  We further hold that the trial court did not err in dismissing Marshall's complaint in the case numbered A-1206269 because the decision of the Industrial Commission that was appealed from did not grant or deny Marshall the right to participate in the workers' compensation fund and was not appealable under R.C. 4123.512.

### *Factual Background*

{¶2}  On February 18, 2010, while working for Oncology/Hematology Care Inc., Marshall experienced intense pain in her neck after lifting a heavy mail bin. Marshall filed a claim with the Bureau of Workers' Compensation ("BWC") seeking to be allowed to participate in the workers' compensation fund for the substantial aggravation of preexisting degenerative disc disease of the cervical spine at C4-5, C5-6, and C6-7.  The Industrial Commission denied her claim, and Marshall appealed to the court of common pleas in the case numbered A-1007058.  While that case was pending, Marshall underwent a surgical operation on her neck with Dr. Alfred Kahn. Following the surgery, Dr. Kahn testified in a deposition that the workplace injury

suffered by Marshall had substantially aggravated her preexisting degenerative disc disease at the vertebrae level of C7-T1. Dr. Kahn further testified that the injury had not substantially aggravated her preexisting condition at the vertebrae levels of C4-5, C5-6, and C6-7.

{¶3} As a result of Dr. Kahn's opinion, Marshall sought to amend her complaint to include coverage for the condition of substantial aggravation of preexisting degenerative disc disease at C7-T1. The trial court denied Marshall's motion to amend because that specific injury had not first been administratively raised before the Industrial Commission. Marshall voluntarily dismissed her complaint under Civ.R. 41(A). She then filed a second administrative claim with the BWC, seeking participation in the workers' compensation fund for the substantial aggravation of her preexisting degenerative disc disease at C7-T1. She stated in her claim that "[t]he injured worker requests this relief as the result of a clear mistake of fact. On June 10, 2011, the injured worker underwent a surgical procedure on her neck by Dr. Kahn who discovered that Ms. Marshall has suffered a substantial aggravation of degenerative disc disease at C7-T1, instead of the previously requested and adjudicated conditions of substantial aggravation of degenerative disc disease at C4-5, C5-6, and C6-7." The Industrial Commission denied Marshall's claim after finding that it did not have jurisdiction because allowance of that claim was currently pending before the court of common pleas.

{¶4} Marshall appealed the Industrial Commission's decision in two separate complaints to the court of common pleas. In the case numbered A-1206059, Marshall generically sought to be allowed to participate in the workers' compensation fund "for the accidental injuries she suffered" at her workplace. In the

case numbered A-1206269, Marshall sought participation in the workers' compensation fund "for the additional condition described as substantial aggravation of pre-existing degenerative disc disease at C7-T1." These two cases were consolidated in the court of common pleas. The trial court granted summary judgment to the defendants on the claims raised in the case numbered A-1206059, and it granted a motion to dismiss the complaint in the case numbered A-1206269.

{¶5} Marshall has appealed, raising two assignments of error for our review.

### *Summary Judgment*

{¶6} In her first assignment of error, Marshall contends that the trial court erred in granting summary judgment to the defendants on her claims raised in the case numbered A-1206059. We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶7} In the case numbered A-1206059, Marshall appealed from the Industrial Commission's denial of her initial administrative claim, and she alleged that she was entitled to participate in the workers' compensation fund for the accidental injuries that she suffered at work. She relies on the Industrial Commission's statement in its decision that "[i]t is the finding of the Staff Hearing Officer that Ms. Marshall did not meet the burden of proof establishing that she

sustained an injury during the course of and arising out of her employment." Marshall contends that because the Industrial Commission used the generic phrase "an injury," her participation in the fund is not limited to a specific condition and may include any injury suffered, including the substantial aggravation of preexisting degenerative disc disease at C7-T1.

{¶8}   We are not persuaded.  Despite the Industrial Commission's use of the phrase "an injury" when denying Marshall's initial administrative claim, it is clear that the only conditions before the Industrial Commission in Marshall's first claim were the substantial aggravation of preexisting degenerative disc disease to the vertebrae levels of C4-5, C5-6, and C6-7.  Marshall conceded this in her second administrative claim filed with the BWC.  The trial court's jurisdiction in workers' compensation cases is limited to those conditions that were initiated before and determined by the Industrial Commission.  *Ward v. Kroger*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 9-10.  Because the Industrial Commission's decision only pertained to the substantial aggravation of preexisting degenerative disc disease at C4-5, C5-6, and C6-7, only these conditions were properly before the trial court for review in the case numbered A-1206059.

{¶9}   We hold that the trial court did not err in granting summary judgment to the defendants on Marshall's claims for participation in the fund for these conditions.  The record contains no evidence establishing a causal connection between Marshall's workplace injury and the conditions for which she seeks participation in the fund.  In fact, Marshall's expert specifically testified that her workplace injury had not substantially aggravated her preexisting degenerative disc disease at these particular vertebrae levels.   In the absence of any genuine issue of

5

material fact, the defendants were entitled to summary judgment. Marshall's first assignment of error is overruled.

### *Motion to Dismiss*

{¶10} In her second assignment of error, Marshall argues that the trial court erred in dismissing her complaint in the case numbered A-1206269. We review a trial court's ruling on a motion to dismiss de novo. *Baker v. Greenlee*, 1st Dist. Hamilton No. C-110779, 2012-Ohio-3760, ¶ 5.

{¶11} In the case numbered A-1206269, Marshall appealed from the Industrial Commission's ruling on her second administrative claim, and she sought participation in the workers' compensation fund for the substantial aggravation of preexisting degenerative disc disease at the vertebrae level C7-T1. The Industrial Commission had declined to address the merits of this claim after determining that it had no jurisdiction to do so. Because the order of the Industrial Commission was not appealable under R.C. 4123.512, we hold that the trial court properly dismissed Marshall's complaint.

{¶12} Under R.C. 4123.512(A), a "claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case." But this statute has been narrowly construed to allow only those decisions that grant or deny a claimant's right to participate in the fund to be appealed. *Thomas v. Conrad*, 81 Ohio St.3d 475, 477, 692 N.E.2d 205 (1998). The Industrial Commission dismissed Marshall's administrative claim based on a lack of jurisdiction. Because the order did not grant or deny Marshall the right to participate in the workers' compensation fund, it was not appealable under R.C. 4123.512.

{¶13} In further support of the trial court's dismissal is the well-settled law providing that workers' compensation claims may not be initiated at the judicial level. All claims for participation in the fund must be based on a specific injury and initiated before the Industrial Commission. *Ward*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, at ¶ 9-10. Here, the Industrial Commission determined that it did not have jurisdiction to address whether Marshall was entitled to participate in the fund for the substantial aggravation of preexisting degenerative disc disease at C7-T1. Because this claim had never been administratively determined, the trial court had no jurisdiction to address it for the first time on appeal.

{¶14} The trial court did not err in dismissing Marshall's complaint. The second assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**DINKELACKER** and **DEWINE, JJ.,** concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.