[Cite as *Price v. Aspen Dental*, 2024-Ohio-5251.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

JANET PRICE,

    PLAINTIFF-APPELLANT,

  v.

ASPEN DENTAL,

    DEFENDANT-APPELLEE.

CASE NO. 4-24-14

O P I N I O N

Appeal from Defiance County Common Pleas Court
Trial Court No. 23-CV-46320

**Judgment Affirmed**

**Date of Decision: November 4, 2024**

**APPEARANCES:**

    *C. William Bair* **for Appellant**

    *Taylor C. Knight* **and** *Jorden Messmer* **for Appellee**

**WALDICK, J.**

{¶1} Plaintiff-appellant, Janet Price ("Price"), appeals the February 22, 2024 judgment of the Defiance County Court of Common Pleas dismissing her dental malpractice complaint against the defendant-appellee, Aspen Dental. On appeal, Price argues that the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss filed by Aspen Dental. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on October 2, 2023, when Price filed a dental malpractice complaint against Aspen Dental in the trial court. Aspen Dental was the sole named defendant in the complaint. The complaint alleged that Aspen Dental is a limited liability company providing dental services out of its Defiance, Ohio office. The complaint alleged that two employees or agents of Aspen Dental, Peter Calderon and Suleman Ismail, provided dental services to Price from August of 2021 through October of 2022. The complaint alleged that the dental care provided to Price by those non-party employees or agents of Aspen failed to meet the applicable standard of care and that she suffered damages as a result.

{¶3} On November 2, 2023, Aspen Dental filed a motion pursuant to Civ.R. 12(B)(6), seeking to dismiss the action on the basis that the complaint failed to state a claim upon which relief can be granted. Specifically, Aspen Dental argued that Ohio law requires a dental malpractice plaintiff to assert a claim against the

underlying individual provider(s) of the dental services at issue in order to pursue a vicarious liability claim against a principal on the basis of alleged negligence on the part of the provider(s). In support of its argument, Aspen Dental relied upon the decisions of the Supreme Court of Ohio in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 2009-Ohio-3601, and *Clawson v. Heights Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154. Because Price's complaint did not contain any direct allegations of negligence against Aspen Dental and because the complaint failed to assert a claim against any underlying dental provider(s), Aspen Dental asserted that the complaint must be dismissed.

{¶4} On November 30, 2023, Price filed a response opposing the motion to dismiss. In that response, Price argued that "Aspen Dental" is a fictitious name under Ohio law and is therefore not a separate entity from the dentists practicing there. Price cited to *Family Medicine Found., Inc. v. Bright*, 2002-Ohio-4034, which Price asserted supports the proposition that a plaintiff in a medical claim may bring an action against a party identified only by its fictitious name, pursuant to R.C. 1329.10(C). Price further asserted that the complaint named Peter Calderon, D.D.S., as one of the persons who provided the dental care at issue and, in reliance upon a document attached to the response as "Exhibit 1", Price argued that Dr. Calderon holds the right to use the fictitious name "Aspen Dental" and therefore suing Aspen Dental was the equivalent of suing Dr. Calderon. Price concluded that her complaint properly named Aspen Dental, the trade name under which Dr.

Calderon did business, as the defendant and that the case should therefore not be dismissed on the basis asserted by Aspen Dental.

{¶5} On December 7, 2023, Aspen Dental filed a reply in support of its motion to dismiss. In that reply, Aspen Dental argued that the documents submitted by Price in her response do not establish that "Aspen Dental" is a fictitious name for Dr. Calderon as Price claimed but, rather, show that "Aspen Dental – Calderon" is registered as a fictitious name of Calderon Dental Group LLC and that Peter Calderon, D.D.S. is the authorized agent of Calderon Dental Group LLC. Aspen Dental further argued that Price's complaint failed to allege that "Aspen Dental" is a fictitious name. For those reasons, and based upon the legal authority previously cited in the motion to dismiss, Aspen Dental reiterated its claim that because a professional organization, such as a dental practice, may only be held vicariously liable for professional malpractice, the failure to name a primarily liable dentist as a defendant was fatal to Price's malpractice complaint.

{¶6} On February 22, 2024, the trial court filed a detailed judgment entry granting the motion to dismiss.

{¶7} On March 18, 2024, Price filed this appeal, in which she raises one assignment of error.

### Assignment of Error

**The Common Pleas Court committed error in applying *Wuerth* and its progeny to this case. Here the involved dentists used a fictitious name for their practice instead of a separate business organization.**

**{¶8}** In the sole assignment of error, Price asserts that the trial court erred in dismissing her complaint pursuant to Civ.R. 12(B)(6).

Civ.R. 12(B) provides in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

* * *

(6) failure to state a claim upon which relief can be granted[.]

**{¶9}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). For a trial court to dismiss a complaint on that basis, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

**{¶10}** If there is a set of facts consistent with the plaintiff's complaint that would allow for recovery, the court must not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). In considering a Civ.R. 12(B)(6) motion to dismiss, the court's review is limited to the four corners of the complaint. *State ex rel. New Riegel Local School Dist. Bd. of Educ. v. Ohio School Facilities Comm.*, 2017-Ohio-875, ¶ 10 (3d Dist.).

{¶11} Appellate courts conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "On review, '[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.'" *Faber v. Seneca Cty. Sheriff's Dept.*, 2018-Ohio-786, ¶ 7 (3d Dist.), quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

*Analysis*

{¶12} In the instant case, Aspen Dental argues that Price's complaint failed to state a claim upon which relief can be granted because the complaint did not assert a claim against any specific dentist or other employee or agent of Aspen Dental. Aspen Dental contends that Ohio law requires that a dental malpractice claim be made against a specific underlying dental provider in order to impose vicarious liability on a principal for malpractice on the part of an agent. The trial court found Aspen Dental's argument to be valid and dismissed the complaint on that basis pursuant to Civ.R. 12(B)(6).

{¶13} In *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 2009-Ohio-3601, the Supreme Court of Ohio addressed a question of Ohio law that had been certified to that court by the United States Sixth Circuit Court of Appeals. *Wuerth*, ¶ 1. Specifically, the question posed to the Ohio Supreme Court in *Wuerth* was "[u]nder Ohio law, can a legal malpractice claim be maintained directly against a

law firm when all of the relevant principals and employees have either been dismissed from the lawsuit or were never sued in the first instance?" *Id*.

{¶14} In *Wuerth*, the Ohio Supreme Court noted that the certified question before it contained "two limited issues":

> [O]ne, whether a law firm may be *directly* liable for legal malpractice – i.e., whether a law firm, as an entity, can commit legal malpractice – and two, whether a law firm may be held *vicariously* liable for malpractice when none of its principals or employees are liable for malpractice or have been named as defendants.

(Emphasis in original.) *Wuerth*, at ¶ 12.

{¶15} The Supreme Court of Ohio answered both of those questions in the negative. As to the first issue, the Court held that "a law firm is a business entity through which one or more individual attorneys practice their profession" and "a law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice." *Id*., at ¶ 18. As to the second issue, the Court held that "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Id*., at ¶ 26. The Ohio Supreme Court noted that its decision in the case was based on that Court's precedent relating to medical malpractice and on established rules of liability regarding principals and agents, which the Court discussed at length in reaching its decision. *Id*., at ¶¶ 13-25. Regarding the potential liability of a principal for tortious conduct on the part of its individual agents, the Ohio Supreme Court explained, "'[t]he liability for the tortious conduct flows through the agent by virtue of the

-7-

agency relationship to the principal. *If there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions.*'" (Emphasis in original.) *Id.*, at ¶ 22, quoting *Comer v. Risko*, 2005-Ohio-4559, ¶ 20.

{¶16} Following the Supreme Court of Ohio issuing its decision in *Wuerth* in 2009, Ohio's courts of appeals have differed as to what precise facts or employment situations mandate an application of the general holding set forth in *Wuerth. See generally Moore v. Mount Carmel Health System*, 2020-Ohio-6695, ¶¶ 31-51 (10th Dist.), (detailed analysis of post-*Wuerth* decisions). However, as also noted in *Moore*:

> Several districts in Ohio have applied *Wuerth* to bar malpractice claims against a medical or dental group where the allegedly negligent doctor or dentist was either not included or was not timely sued. *See Hignite v. Glick, Layman & Assocs., Inc.*, 8th Dist. Cuyahoga No. 95782, 2011-Ohio-1698, 2011 WL 1327433, ¶ 13 (dental malpractice claim against dental office barred because statute of limitations against dentist had expired); *Whitcomb v. Allcare Dental & Dentures*, 8th Dist. Cuyahoga No. 97141, 2012-Ohio-219, 2012 WL 1755861, ¶ 9-10 (same); *Rush v. Univ. of Cincinnati Physicians, Inc.*, 2016-Ohio-947, 62 N.E.3d 583, ¶ 23 (1st Dist.) (allegedly negligent doctor was not named in suit); *Wilson v. Durrani*, 1st Dist. Hamilton No. C-130234, 2014-Ohio-1023, 2014 WL 1337583, ¶ 15 (release of another party included claims against doctor; therefore, doctor's practice could not be vicariously liable); *Henry v. Mandell-Brown*, 1st Dist. Hamilton No. C-090752, 2010-Ohio-3832, 2010 WL 3239118, ¶ 14 (claims against doctor were not filed within the limitations period); *Smith v. Wyandot Mem. Hosp.*, 3d Dist. Wyandot No. 16-14-07, 2015-Ohio-1080, 2015 WL 1289500, ¶ 17, fn. 4 (same); *Brittingham v. Gen. Motors Corp.*, 2d Dist. Montgomery No. 24517, 2011-Ohio-6488, 2011 WL 6352294, ¶ 50-51 (malpractice claim against General

Motors, which hired company doctor, was not allowed where doctor was not timely sued.)

*Id*., at ¶ 32.

**{¶17}** Subsequently, in *Clawson v. Heights Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154, the Supreme Court of Ohio affirmed the legal principles that the Court had promulgated in *Wuerth*. In *Clawson*, the Ohio Supreme Court considered whether a plaintiff may prevail on a claim of chiropractic malpractice against a chiropractor's employer under the doctrine of respondeat superior when the expiration of the applicable statute of limitations had extinguished the chiropractor's direct liability for the alleged malpractice. *Id*., at ¶ 1. The Ohio Supreme Court answered that question in the negative, "[b]ased on our holding in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, and basic principles of agency law[.]" *Id*.

**{¶18}** In the instant case, the trial court found that *Wuerth* and *Clawson*, when taken together, required dismissal of Price's complaint. We agree. While, as noted above, there may be distinguishable factual situations in other cases, we find that the instant case falls squarely within the holdings of *Wuerth* and *Clawson*. Price's complaint against Aspen Dental is based solely on the allegation that two individual dentists were negligent in providing care to Price, but neither individual dentist was sued for malpractice. On those facts, Price's claim against Aspen Dental fails as a matter of law.

**{¶19}** Moreover, while Price attempts to distinguish this case from *Wuerth* by arguing that Aspen Dental is merely a fictitious name and not a separate legal entity from the dentists practicing there, we find that contention to lack merit. As the trial court noted, even if a proper evidentiary foundation were laid for consideration of the documents that Price attached to her response in opposition to the motion to dismiss, a review of the included fictitious name registration reflects that the fictitious name "Aspen Dental-Calderon" is held by Calderon Dental Group LLC, and not by dentist Peter Calderon in his individual capacity. Thus, pursuant to *Wuerth* and *Clawson*, the complaint is still subject to dismissal for failing to sue any individual dentist or employee of the limited liability company that holds the fictitious name.

**{¶20}** Accordingly, the trial court did not err in granting Aspen Dental's motion to dismiss pursuant to Civ.R. 12(B)(6) as Price's complaint named only Aspen Dental as a defendant and therefore failed to sue the individual dentists working as employees or agents of that dental firm, as required in order for Aspen Dental to be held liable.

**{¶21}** The assignment of error is overruled.

*Conclusion*

**{¶22}** Having found no error prejudicial to plaintiff-appellant, Janet Price, in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas is affirmed.

**_Judgment affirmed_**

**WILLAMOWSKI, P.J., and MILLER, J., concur.**

**/jlm**