[Cite as *Larrick v. W&S Constr., L.L.C.*, 2026-Ohio-1338.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### LOGAN COUNTY

JEREMY L. LARRICK,

    PLAINTIFF-APPELLANT,

    v.

W&S CONSTRUCTION LLC, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 8-25-14

OPINION AND
JUDGMENT ENTRY

---

Appeal from Logan County Common Pleas Court
General Division
Trial Court No. CV 25 02 0092

Judgment Affirmed

Date of Decision: April 13, 2026

---

APPEARANCES:

    *Jana K. Yenyo* for Appellant

    *Michael Soto* for Appellee W&S Construction, LLC

    *Diane Burris* for Appellee Ohio Bureau of Workers' Compensation

**MILLER, J.**

{¶1} Plaintiff-appellant, Jeremy L. Larrick ("Larrick"), appeals the July 7, 2025 judgment entry of the Logan County Court of Common Pleas dismissing his complaint against defendants-appellees, W&S Construction, LLC ("W&S") and the Ohio Bureau of Workers' Compensation ("BWC"). For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On August 2, 2024, Larrick filed a First Report of Injury, Occupational Disease, or Death (FROI-1) with the BWC, in which he claimed he suffered an injury arising from the course of his employment with W&S on November 10, 2023. On August 29, 2024, the BWC denied Larrick's claim. Larrick timely appealed.

{¶3} On October 22, 2024, a District Hearing Officer ("DHO") for the Industrial Commission of Ohio ("Commission") heard Larrick's appeal. The DHO affirmed the August 29, 2024, order, finding that Larrick had not met his burden of proof by a preponderance of the evidence that an employee/employer relationship existed between Larrick and W&S. The DHO did not address any specific medical issues or conditions in its order.

{¶4} Larrick timely appealed the DHO's decision. Larrick's appeal was heard on December 10, 2024, by a Staff Hearing Officer ("SHO") for the Commission. The SHO issued an order on December 13, 2024, affirming the DHO's order, again finding that Larrick failed to prove an employment relationship between the parties. No medical issues

or conditions were mentioned in the SHO order. On December 23, 2024, Larrick appealed the SHO order.

{¶5} On January 2, 2025, the Commission issued an order refusing his appeal and denying Larrick's right to participate in the state fund. Upon the issuance of this final order by the Commission, Larrick exhausted his administrative appeals. Pursuant to R.C. 4123.512, Larrick appealed the matter to the Logan County Court of Common Pleas on February 27, 2025, by filing both a notice of appeal and a complaint as required by R.C. 4123.512. While his complaint states in general terms that he suffered "an accidental injury", he did not identify any specific medical conditions or injuries for which he seeks the right to participate in the state fund. The BWC filed an answer to Larrick's complaint on March 24, 2025.

{¶6} W&S filed a motion for a more definite statement on April 1, 2025, in which it requested the trial court order Larrick to provide (1) the mechanism of injury, (2) the specific medical conditions for which he seeks to participate in the state fund, and (3) proof the Commission addressed the specific medical conditions for which he wishes to participate in the funds. Larrick did not immediately respond to this motion. Accordingly, on April 16, 2025, the trial court ordered Larrick to provide a more definite statement as requested by W&S, noting that neither Larrick nor the BWC objected to the request. Larrick provided his more definite statement on May 6, 2025, in which he stated that "[w]hile doing his work for [W&S], [Larrick] was struck in the neck and shoulder by a ball on the end of a crane being used to construct [a] pole barn." Neither specific medical

conditions for which Larrick seeks to participate in the state fund nor proof that the Commission addressed any specific medical conditions were provided.

{¶7} On May 12, 2025, W&S filed a motion to dismiss, asserting Civ.R. 12(B)(6) and 12(C) and that Larrick failed to comply with the court's order. In Larrick's response to the motion to dismiss, he described the location of the injuries, namely his head, neck, back and shoulder, and referred to a medical report filed with the BWC that purports to be general medically supported conditions that could have resulted from his injury. This medical report was not included as an exhibit to this filing. Furthermore, Larrick claimed that because the Commission failed to specifically address his medical injuries and conditions in their orders, he was free to present all legal and medical issues at trial and claimed "further discovery is necessary in this case in order to determine what conditions, if any, will supplement those current conditions."

{¶8} The trial court issued a judgment granting W&S's motion to dismiss on July 7, 2025. In its reasoning, the trial court relied on *Ward v. Kroger Co.*, 2005-Ohio-3560 in finding "[t]he jury's role in a worker's compensation trial is not to identify medical conditions from which Plaintiff may suffer. It is to consider whether Plaintiff suffers from a specific medical condition identified by Plaintiff. When a Plaintiff fails to identify any specific medical condition before the Commission, his claim fails as a matter of law in the court of common pleas."

{¶9} Larrick filed his notice of appeal on August 6, 2025. Larrick raises two assignments of error for our review.

**First Assignment of Error**

**The Trial Court erred in ordering Appellant to submit a more definite statement.**
**Second Assignment of Error**

**The Trial Court erred in granting Appellee, W&S Construction's, Motion to Dismiss.**

*First Assignment of Error*

{¶10} In his first assignment of error, Larrick argues because Ohio is a notice pleading state and R.C. 4123.512 does not require the claimant to plead with specificity, the trial court erred when it ordered him to provide a more definite statement.

*Analysis*

{¶11} Larrick did not initially responded to W&S's motion for a more definite statement, nor did he object to the trial court's order that he provide a more definite statement. Instead, Larrick responded to the trial court's order by stating he "gladly provides a more definite statement and additional information to this Court as this Court has directed." While Larrick contended multiple times in his more definite statement that he satisfied the requirements of R.C. 4123.512 to initiate the appeal thus granting the trial court subject-matter jurisdiction over his claim, he never objected to either the motion or order for a more definite statement. "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10. "It is well-settled that an appellate court 'will not consider a question not presented, considered, or decided by a lower court.'" *In re*

*Goodman,* 2005-Ohio-2364, ¶ 26 (11th Dist.), quoting *Kalish v Trans World Airlines, Inc.,* 50 Ohio St.2d 73, 79 (1977). Larrick has not presented any arguments that his case represents an exception to this foundational principle of appellate jurisprudence nor has he pointed to any objections on the record. Since Larrick did not object to the order for a more definite statement before the trial court, he has waived his right to argue on appeal that it was wrongly ordered. Larrick's first assignment of error is without merit and is, therefore, overruled.

*Second Assignment of Error*

{¶12} In his second assignment of error, Larrick contends the trial court erred in granting W&S's motion to dismiss. According to Larrick, the trial court's decision was not supported by R.C. 4123.512 and Civ.R. 8(A) and incorrectly applied *Ward v. Kroger Co.,* 2005-Ohio-3560 in finding that Larrick failed to provide a specific claim for which relief can be granted. He argues the trial court's decision "distorts the pleading requirements and intentions of R.C. 4123.512 and Civ.R. 8(A) beyond recognition." (Appellant's Brief at 9). Because Larrick timely filed his notice of appeal and petition containing a general statement of facts, a cause of action, and setting forth the basis for the trial court's jurisdiction, Larrick claims he was not required to provide in his petition the specific medical condition from which he is seeking to participate in the state fund. We disagree.

*Standard of Review*

**{¶13}** W&S filed its motion to dismiss pursuant to Civ.R. 12(B)(6) and 12(C). Civ.R. 12 (B)(6) provides for dismissal where the complaint fails "to state a claim for which relief can be granted." In deciding a Civ.R. 12(B)(6) motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, and dismissal is warranted only when the complaint demonstrates, beyond doubt, that the plaintiff can prove no set of facts in support of their claim. *Price v. Aspen Dental*, 2024-Ohio-5251, ¶ 9-10 (3d Dist.). "If there is a set of facts consistent with the plaintiff's complaint that would allow for recovery, the court must not grant the motion to dismiss." *Id*, at ¶ 10, citing *York v Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). "On review, '[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be constructed in the nonmoving party's favor.'" *Faber v. Seneca Cty. Sherrif's Dep't*, 2018-Ohio-786, ¶ 7 (3d Dist.), quoting *Ohio Bur. Of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

**{¶14}** A motion to dismiss filed after the pleadings have closed but within such time as not to delay trial is considered a Civ.R. 12(C) motion for judgment on the pleadings. *Lin v. Gatehouse Constr.Co.*, 84 Ohio App.3d 96, 99 (8th Dist. 1992). When "considering a Civ.R. 12(C) motion for judgment on the pleadings, the court is limited to the statements contained in the parties' pleadings and any 'written instruments' attached as exhibits to those pleadings." *Jones v. Gilbert*, 2023-Ohio-754, ¶ 10 (3d Dist.), citing *Socha v. Weiss*, 2017-Ohio-7610, ¶ 9 (8th Dist.) and Civ.R. 10(C) (stating that a "copy of any written

instrument attached to a pleading is a part of the pleading for all purposes"). "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id* at ¶ 11, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶15} When analyzing a dismissal under either Civ.R. 12(B)(6) or 12(C), an appellate court reviews the trial court's decision de novo and considers all legal issues without deference to the trial court's decision. *See Price* at ¶ 11 (Civ.R. 12(B)(6)); and *Wentworth v. Village of Coldwater*, 2015-Ohio-1424, ¶ 15 (3d Dist.) (Civ.R. 12(C)).

*Analysis*

{¶16} The trial court granted W&S's motion to dismiss on the basis that Larrick failed to identify a specific medical condition for which he seeks to participate in the state's workers' compensation fund. In his complaint Larrick claimed "he sustained an accidental injury, either by direct causation or by substantial aggravation of a pre-existing condition, or developed an occupational disease to his body. . . ." In the more definite statement he provided in response to the trial court's order, Larrick stated "[he] was struck in the neck and shoulder by a ball on the end of a crane being used to construct [a] pole barn." While this statement identified the location and cause of his alleged injuries, it failed to identify any specific medical condition from which he suffered as instructed by the trial court in its order. Only in his later memorandum contra to W&S's motion to dismiss, did Larrick reference the BWC's website to which he submitted a medical report from 2024, but he

did not seek to amend his complaint with the information in the report or enter the report into the record for the trial court to consider.[1] Larrick claims that "[t]he only issue should this matter proceed to a trial is whether he would be entitled to participate in the workers' compensation fund for *any* medical conditions that are proven to be a direct result of injury with [W&S]." (Emphasis added.) (More Definite Statement, at 4).

{¶17} All parties to this appeal have presented significant arguments regarding their interpretation of *Ward v. Kroger*, therefore, a brief discussion of *Ward* is warranted. In *Ward*, a claimant appealed the Commission's decision to deny certain right knee conditions that resulted from his injury. *Ward,* 2005-Ohio-3560 at ¶ 1. Before the common pleas court, he amended his complaint to add new conditions not previously presented to or decided upon at the administrative level. *Id*. at ¶ 1-2. The court of appeals reversed the judgment of the trial court which ruled in favor of the claimant for those additional claims and the Supreme Court affirmed on the basis that "the claimant in an R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken." *Id*. at ¶ 4, 17.

{¶18} Larrick contends that because *Ward* addressed the addition of new medical conditions not previously decided upon by the Commission, the ruling in *Ward* is not applicable to the present case where the issue is the initial allowance of the BWC claim. Larrick requests this court find that because the administrative orders of the DHO and SHO

---

[1] In his appellate brief before this court Larrick again cited multiple medical reports and revealed for the first time that his "appeal *is* based on a condition addressed in an administrative order. Specifically, the original BWC order dated August 29, 2024 . . ., denied [Larrick's] claim for a contusion of the left shoulder." (Emphasis in original.)

denying his appeal failed to address his medical conditions, he is relieved from any burden to identify a specific medical injury or condition in his petition filed in the common pleas court and may seek compensation for any medical conditions that can be proven at trial to be the result of his alleged employment with W&S. Larrick points out that Ohio is a notice pleading state, which Larrick argues means he is not required to plead his injuries with any particularity.

{¶19} However, these arguments are contrary to the rule established in *Ward* that the court of common pleas in a R.C. 4123.512 appeal may only consider those medical conditions previously presented at the administrative level. *Id*. at ¶ 17. While the facts in *Ward* are distinguishable from the current case, this underlying rule is clear and broadly applicable to all R.C. 4123.512 appeals. *See Cosgrove v. Omni Manor*, 2016-Ohio-8481, ¶ 41 (7th Dist.) ("The holdings in *Ward* appear to broadly apply to any appeal under R.C. 4123.512, i.e., *Ward* limits the triable medical conditions to those presented in the claim[s] before the administrative body.") "The requirement that workers' compensation claims be presented in the first instance for administrative determination is a necessary and inherent part of the overall adjudicative framework of the Workers' Compensation Act." *Ward* at ¶ 9. "A claimed right of participation in the fund is not a generic request. There is no such thing as a workers' compensation claim for 'an injury.' A workers' compensation claim is simply the recognition of the employee's right to participate in the fund for a specific injury or medical condition, which is defined narrowly, and it is only for that condition as set forth in the claim, that compensation and benefits provided under the act may be payable."

*Id.* at ¶ 10. Because the claimant in a R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were raised at the administrative level, it necessarily follows that the claimant must identify for the trial court what conditions were specifically presented to the BWC for consideration.

{¶20} Larrick was required to file a specific claim referencing a specific injury and medical condition with the BWC. As previously stated, a workers' compensation claim cannot be filed in general terms; it must identify a specific injury or medical condition. *Ward* holds that only those specific medical claims previously brought forth at the administrative level may be presented to the court of common pleas on appeal. Thus, Larrick is required in his R.C. 4123.512 appeal to identify those specific claims of injury for which he seeks to participate in the state fund.

{¶21} Larrick contends that "[t]o require [him] to submit any additional information, or to plead with specificity as requested by Appellee, would create a new and heightened pleading standard not supported by case law, R.C. 4123.512, or Civ.R. 8(A)." (Appellants Brief at 6). According to Larrick, such specificity is contrary to Ohio's notice pleading requirements. This contention ignores the unique nature of a R.C. 4123.512 proceeding. It is an appeal of the Commission's ruling but is "unique in that it involves a trial de novo on the issue of the right to participate. . . ." *Cosgrove* at ¶27, citing *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 2012-Ohio-5639, ¶ 17-20, 30. It is well established that for a claimant in a de novo trial brought under R.C. 4123.512 "the evidence is not limited to that presented in the administrative proceeding, there is no deference to

the administrative agency, and there is no remand to the administrative body." *Id*. at ¶ 27. However, it is equally established that "[c]laims must be presented in the first instance for administrative determination." *Id*. at ¶39.

{¶22} The de novo trial aspect of a R.C. 4123.512 proceeding does not negate that in the first instance it is an appeal to the trial court which then proceeds under the civil rules. While the evidence is considered de novo, the facts surrounding the claimed right to participate in the fund and the alleged injury are strictly limited to those medical conditions previously presented to the Commission. *See Marshall v. Oncology/Hematology Care, Inc.,* 2014-Ohio-2253, ¶ 8 (1st Dist.) ("The trial court's jurisdiction in workers' compensation cases is limited to those conditions that were initiated before and determined by [the Commission]."). "[R.C. 4123.512] does not give the claimant a cause of action but rather a right of appeal. It is in no sense an original action." *Yates v. Gen. Motors Corp.*, 10 Ohio App.2d 11, 13 (8th Dist., 1967).[2] Consequently, a general claim for "an injury" in a R.C. 4123.512 proceeding is insufficient to put the Defendant on notice of what is being appealed or to establish the court's authority to proceed. *See Ward*, 2005-Ohio-3560, at ¶ 10. To allow claims to first be heard before the trial court would be "inconsistent with

[2] Larrick points to *Yates v. Gen. Motors Corp.*, 10 Ohio App.2d 11 (8th Dist., 1967) as support for his proposition that he need not plead with specificity. In *Yates*, the Eighth District Court of Appeals affirmed the trial court's decision to overrule the defendant-employer's motion for a more definite statement after the defendant-employer claimed the plaintiff-employee did not plead with sufficient specificity in his complaint. However, in that case, the Eighth District's ruling implied the specific injuries and medical conditions were readily apparent from the administrative record before the trial court even if not stated in the complaint. Unlike *Yates*, the exact nature of Larrick's injury was not clearly identified in the trial court record so as to put W&S and the BWC on notice of the injury being appealed. Larrick had multiple opportunities to provide the trial court with this specific information regarding the nature of his injuries but failed to do so. We are also mindful that *Yates* predates the Supreme Court's 2005 decision in *Ward v. Kroger*.

the [the] statutory scheme because it usurps the commission's authority as the initial adjudicator of claims and casts the common pleas court in the role of a claims processor." *Id*.

{¶23} Civ.R. 8 requires "a short and plain statement of the claim showing that the party is entitled to relief." Similarly, R.C. 4123.512(D) requires a claimant to "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund." Unlike a standard complaint for relief in an original action where a general claim of injury may be sufficient to put the defendant on notice, there is no right to proceed under R.C. 4123.512 without showing that a specific claim was first brought before the Commission. *See Ward* at ¶ 10. Absent this showing, it would be impossible for the court of common pleas to establish in the first instance whether it has authority to proceed or rule in the case. *See Cosgrove*, 2016-Ohio-8481, at ¶ 52 (7th Dist.) ("Ward. . . did not announce a rule of subject matter jurisdiction. . . . [*Ward*] refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction.") Accordingly, a short and plain statement specifying the specific injury or medical condition previously brought before the Commission must be included as part of the petition to show that the party is entitled to relief in a R.C. 4123.512 proceeding.

{¶24} Reviewing the trial court's decision de novo, we find the trial court did not err in dismissing Larrick's complaint. The second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Conclusion*

{¶25} For the foregoing reasons, both of appellant's assignments of error are overruled.  Having found no error prejudicial to the plaintiff-appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge

_____
William R. Zimmerman, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm